IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MYRTLE M CANADY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 14-0952-CV-W-ODS ) |
| INTERNAL REVENUE SERVICE, et al. | ) ) |
| Defendants. | ) |

**ORDER AND OPINION (1) SUBSTITUTING PARTY AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending is Defendant United States of America's ("Defendant") Motion to Dismiss. Doc. #15. For the reasons set forth below, the Court dismisses Plaintiff's case without prejudice for a lack of jurisdiction.

## I. Background

Plaintiff Myrtle Canady ("Plaintiff") brought this suit against the Internal Revenue Service ("IRS"); Lester J. West, Director of HUD; the Social Security Administration; Lynn Marten, Assistant Regional Commissioner; Dennis Onnen, Special Assistant U.S. Attorney; and William B. Edgerly, Revenue Officer. Plaintiff is seeking to recover money the IRS allegedly took from her through fraud. The Complaint does not set forth a clear factual basis for her claim. However, in her Response she alleges she reached an agreement with Defendant Edgerly "to pay a certain amount in settlement for taxes." Response, p.3. Plaintiff maintains she paid the agreed upon amount, but Defendant Edgerly did not apply her payment. *Id*. As best the Court can discern, Plaintiff asserts that as a result of this, "the Social Security Administration is wrongfully deducting money from her [Social Security] benefits for premiums for Medicare and paying that money to the IRS." *Id.* at 2.

## II. Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Dakota, Minnesota & E.R.R.*

*Corp. v. Schieffer*, 715 F.3d 712 (8th Cir. 2013) (citations omitted). The party invoking federal jurisdiction has the burden of establishing that it exists. *Id.*; *see also Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013); *Bowe v. N.W. Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

### III.  Discussion

*A.  Real Party in Interest*

Defendant contends this case should be deemed an action exclusively against the United States. The Court agrees. First, a federal agency committed each action she alleges. *See Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). Second, to the extent Plaintiff brings this action against government officials, the Eighth Circuit has repeatedly held that, "If a plaintiff's complaint is silent about the capacity in which [she] is suing the defendant, we interpret the complaint as including only official-capacity claims." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (citations and quotations omitted). This rule also applies to pro se complaints. *Gingras v. Wood*, 294 F. App'x. 241, 241-42 (8th Cir. 2008). Here, Plaintiff's Complaint is silent as to the capacity in which she is suing the individual defendants, and thus, the Court finds that she brings it against them only in their official capacity.[1] A claim against a government official in his or her official capacity is, in essence, a claim against the entity he or she represents, in this case the United States. *Coleman*, 986 F.2d at 1189.

Finally, the Westfall Act provides immunity to federal employees from claims of "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission" committed while acting within the scope of employment. 28 U.S.C. § 2679(b)(1). Any action against a government official that falls under the coverage of § 2679(b)(1) is deemed to be an action against the United States.

---

[1] Plaintiff argues in her Response that this action should be construed as against Defendant William B. Edgerly in his individual capacity. However, nowhere in Plaintiff's Complaint does she make allegations against Defendant Edgerly specifically, nor does she indicate in her Complaint that she is suing him in his individual capacity.

*United States v. Smith*, 499 U.S. 160, 163 (1991). Here, Plaintiff's Complaint describes actions by federal employees in the scope of their employment. For all these reasons, the Court finds Plaintiff's Complaint is an action exclusively against the United States.

### B. Tort Claim

Because the Court construes Plaintiff's Complaint as against the United States, sovereign immunity is applicable. It is well-settled that "sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).[2] However, Congress can waive sovereign immunity if it does so clearly and unequivocally.[3] *U.S. v. Moser*, 586 F.3d 1089, 1095-1096 (8th Cir. 2009).

To the extent Plaintiff asserts a tort claim, the Federal Torts Claim Act ("FTCA") provides "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). However, this Court lacks subject matter jurisdiction to hear Plaintiff's claim for several reasons. First, a "district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency…within two years of when the claim accrued." *Allen v. U.S.*, 590 F.3d 541, 544 (8th Cir. 2009) (citations and quotations omitted). Here, Plaintiff asserts in her Response that she has exhausted her administrative remedies. Doc. #20, p. 5. There is no indication that Plaintiff has

---

[2] Plaintiff generally points to 5 U.S.C. § 702 in support of the proposition that this Court does have subject matter jurisdiction to hear her claims. However, this statutory provision does not aid Plaintiff. Section 702 provides:
> a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief *other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

(emphasis added). Here, Plaintiff is seeking money damages. Complaint, p. 2. Thus, this statutory provision is inapplicable to Plaintiff's action.

[3] Plaintiff cites *Department of Army v. Blue Fox, Inc.* in support of the proposition that "Congress…has waived its immunity for a wide range of suits, including those that seek traditional money damages." 525 U.S. 255, 260 (1999). Unfortunately, Plaintiff takes this quote out of context. While Congress has waived sovereign immunity in certain actions for money damages, it has only done so in specifically prescribed contexts. The Supreme Court cited the FTCA and the Tucker Act as examples of this type of waiver of sovereign immunity. *Id.* As discussed further in this Order and Opinion, neither the FTCA nor the Tucker Act provide this Court with jurisdiction to hear Plaintiff's claims.

3

actually done so.  To the contrary, she asserts in her Response that she "has claims but can get no direction about where to file or present the claim…"  Doc. #20, p. 4. Regardless, even if the facts in Plaintiff's Response are to be believed, Plaintiff's Complaint on its face must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In her Complaint, Plaintiff asserts she has *not* presented any of the claims made in this lawsuit through any type of administrative procedure within any government agency.  Complaint, p. 3.  Thus, Plaintiff has not satisfied a jurisdictional requirement for bringing an FTCA claim in this Court.

Second, the FTCA does not waive sovereign immunity for certain types of torts, such as "any claim arising out of…misrepresentation [or] deceit."  28 U.S.C. § 2680(h). This exception to the sovereign immunity waiver includes claims for fraud.  *United States v. Perry*, 706 F.2d 278, 279-80 (8th Cir. 1983).  Here, Plaintiff asserts the "Internal Revenue Service…took my money through fraud…"  Complaint, p. 2.  Finally, the FTCA does not waive sovereign immunity for "any claim arising in respect of the assessment or collection of any tax…"  28 U.S.C. § 2680(c).

Accordingly, to the extent Plaintiff asserts a tort claim, the Court lacks jurisdiction to adjudicate this claim.

*C. Tax Refund*

To the extent Plaintiff asserts a claim seeking a refund from the IRS, the Court also lacks subject matter jurisdiction to hear this claim.  "The United States has given its consent to be sued for refunds of federal taxes in a carefully articulated statutory scheme, otherwise sovereign immunity would bar such a suit."  *Hansen v. U.S.*, 248 F.3d 761, 763 (8th Cir. 2001).  However, in order to bring suit for a tax refund, "the taxpayer must have paid the disputed tax in full and have 'duly filed' an administrative claim for a refund."  *Id.* at 764.  Plaintiff's Complaint does not satisfy either of these requirements.  She has not alleged that she has paid the disputed tax in full or that she filed an administrative claim for a refund.

Plaintiff asserts in her Response to Defendant's Motion to Dismiss that she paid by cashier's check a certain amount in settlement for taxes.  Doc. #20, p. 3.  Plaintiff also asserts in her Response that she has exhausted her administrative remedies.  Doc.

4

#20, p. 5.  As previously discussed in Section III.B, it is not entirely clear that Plaintiff actually has filed an administrative claim for a refund.  Again, she asserts in her Response that she "has claims but can get no direction about where to file or present the claim…"  Doc. #20, p. 4.  Even if the facts in Plaintiff's Response are to be believed, Plaintiff's Complaint on its face must allege sufficient facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In her Complaint, Plaintiff does not assert that she has paid the disputed tax in full.  Additionally, Plaintiff asserts she has *not* presented any of the claims made in this lawsuit through any type of administrative procedure within any government agency.  Complaint, p. 3.  Accordingly, to the extent Plaintiff asserts a claim for a tax refund, this Court lacks subject matter jurisdiction to adjudicate that claim.

### D. Non Tort Claim

To the extent Plaintiff asserts a non-tort claim, the Tucker Act denies this Court jurisdiction to adjudicate that claim.  28 U.S.C. § 1491(a)(1).  The Tucker Act provides:

> The United State Court of Federal Claim shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id*.  Further, the Court of Federal Claims has exclusive jurisdiction to hear these types of claims that exceed $10,000.  *Eastern Enterprises v. Apfel*, 524 U.S. 498, 520 (1998).  Here, Plaintiff has asserted claims for millions of dollars.  Complaint, p. 2.  Accordingly, to the extent Plaintiff asserts a non-tort claim, this Court lacks subject matter jurisdiction to hear this claim.

### E. Social Security Claim

To the extent Plaintiff meant to contest the Social Security Administration's ruling on an application for Social Security benefits, this type of claim also is barred.  The Social Security Act outlines the manner in which judicial review of these types of claims occurs.  *See* 42 U.S.C. 405(g).  As previously discussed in Section II.B and C, while

5

Case 4:14-cv-00952-ODS   Document 22   Filed 04/09/15   Page 5 of 6

Plaintiff asserts in her Response that she has exhausted her administrative remedies, the Court finds that her Complaint, on its face, does not allege sufficient facts to demonstrate that she actually has exhausted her administrative remedies. Moreover, she presents little, if any, facts to support this type of claim. Thus, the Court presently lacks jurisdiction to hear a Social Security claim.

## IV. Conclusion

Accordingly, the Court grants Defendant's Motion to Dismiss. Because the reasons discussed above provide sufficient grounds for the Court to grant Defendant's Motion to Dismiss, the Court need not address Defendant's remaining arguments in support of its Motion to Dismiss.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 9, 2015                UNITED STATES DISTRICT COURT